**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT V. POUTRE,

Defendant - Appellant.

No. 24-8047
(D.C. No. 2:16-CR-00018-SWS-2)
(D. Wyo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MORITZ**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Robert V. Poutre, proceeding pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Poutre appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I. Background

Poutre is serving a 181-month sentence after pleading guilty to firarm and drug charges in the District of Wyoming in 2016. He is currently incarcerated at the Federal Correction Institution ("FCI") at Terminal Island, San Pedro, California, having now served approximately 122 months of his sentence.

This appeal concerns the fourth compassionate release motion Poutre has filed since 2020. His first three were denied on the ground that he did not establish "extraordinary and compelling" reasons for release within the meaning of § 3582(c)(1)(A)(i). In his second and third motions, Poutre argued his health conditions – including chronic obstructive pulmonary disease, hepatitis-C, sleep apnea, and severe asthma – posed higher risk factors for COVID-19. The district court held Poutre's conditions were not extraordinary and compelling because (1) Poutre had been vaccinated against COVID-19, and (2) he had already contracted COVID-19 but was asymptomatic.

Poutre's fourth compassionate release motion relied on the same health conditions. The district court noted, however, that there had been no evidence of a material changes regarding Poutre's health conditions or the impact of COVID-19. Indeed, the district court observed that if anything, circumstances had improved: the Centers for Disease Control ("CDC") had

2

declared the public health emergency over, the immunization rates for inmates at Terminal Island were higher, and there were no current COVID-19 cases in the inmate population.

The district court therefore held Poutre had not established extraordinary and compelling circumstances. For similar reasons, it further held that granting Poutre's request for compassionate release would be inconsistent with the applicable policy statements issued by the Sentencing Commission. Accordingly, the district court denied Poutre's motion. This timely appeal followed.

## II. Discussion

We review a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). A district court abuses its discretion if it makes "an incorrect conclusion of law or a clearly erroneous finding of fact." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013).

With a few "narrow exceptions," federal courts lack authority to modify a term of imprisonment once imposed. *Hemmelgarn*, 15 F.4th at 1029 (internal quotation marks omitted). A compassionate release motion under § 3582(c)(1) is one of those exceptions. *See id.* A district court may grant compassionate release if it finds that:

(1) "extraordinary and compelling reasons warrant" a reduced sentence;

(2)  a "reduction is consistent with applicable policy statements" from the Sentencing Commission; and

(3) a reduction is warranted after considering the applicable sentencing factors listed in 18 U.S.C. § 3553(a).

18 U.S.C. § 3582(c)(1)(A); *accord United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). To prevail on a compassionate release motion, a defendant must satisfy all three statutory requirements. A district court "may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others." *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (internal quotation marks omitted). The district court denied Poutre's motion based on the first and second requirements.

Poutre argues the district court abused its discretion because it failed to consider evidence of his rehabilitation in evaluating whether he had established extraordinary and compelling reasons. We reject this contention. Congress has specified that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The district court carefully considered Poutre's health conditions in the context of the COVID-19 pandemic and concluded he had

4

failed to establish extraordinary and compelling circumstances. Poutre's rehabilitative efforts are commendable, but consideration of those efforts would not have transformed his health conditions into extraordinary and compelling reasons.

Poutre also contends the district court abused its discretion in concluding that he failed to establish that his risk of COVID-19 infection was an extraordinary and compelling reason for a sentence reduction. He appears to make three arguments in support of this contention. First, the district court relied in part on the fact that Poutre has been vaccinated against COVID-19, but he says the district court ignored his argument that his inhaler suppresses his immune system and reduces the effectiveness of vaccines. To the contrary, the district court specifically addressed that argument, noting that Poutre was using the inhaler the last time he contracted COVID-19, and there was no evidence his infection was made more severe.

Second, the district court found the circumstances relating to COVID-19 had improved considerably since the time that Poutre's second and third compassionate release motions were denied. In particular, the district court noted that the government's most recent data indicated 539 of 942 inmates at FCI Terminal Island had been fully vaccinated, and there were no open COVID-19 cases at the facility. Poutre suggests this data is

5

unsound and that the government failed to provide evidence to support it. But the burden of proof is on Poutre, not the government, and he only offers speculation in support of his theory.

Third, Poutre argues the district court abused its discretion in concluding the pandemic is over. In support, he says he submitted into evidence a newspaper article detailing a surge of COVID-19 cases in nursing homes in Los Angeles County. The district court, however, acted well within its discretion in relying upon the May 2023 declaration by the CDC that the COVID-19 public health emergency had ended.[2]

---

[2] Having affirmed the district court's finding that Poutre failed to establish extraordinary and compelling circumstances, we need not address his argument that the district court erred in holding a sentence reduction would be inconsistent with applicable Sentencing Commission policy statements. *See United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021) (recognizing motions for compassionate release may be denied "for failure to satisfy [any] one of the steps," and there is "no benefit in requiring [courts] to make the useless gesture of determining whether one of the other steps is satisfied").

### III. Conclusion

Poutre has not shown the district court abused its discretion in denying his motion for compassionate release. We therefore **AFFIRM** the district court's order.

Entered for the Court

Richard E.N. Federico
Circuit Judge